IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00295-BNB

MIKEAL GLENN STINE,

    Applicant,

v.

D. BERKEBILE, Warden, ADX Florence,

    Respondent.

---

ORDER TO FILE PRELIMINARY RESPONSE

---

    Applicant, Mikeal Glenn Stine, is in the custody of the United States Bureau of Prisons (BOP) at ADX Florence. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction and conditions of his detention.

    The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Application reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the [applicant's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *See id.*

Applicant is subject to filing restrictions under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 30-32 (D. Colo. Sept. 1, 2009). The restrictions require Applicant to seek permission from the Court to proceed with an action and to submit certain documentation along with a proposed complaint. By asserting the conditions of confinement claims in this action, Applicant is attempting to circumvent his filing restrictions. The Court will consider monetary sanctions against Applicant if he initiates any subsequent § 2241 actions in this Court that attempt to circumvent his filing restrictions.

The only claim the Court will address in this action is the alleged denial of due process in a disciplinary proceeding that resulted from the November 30, 2012 incident report.

To the extent that Applicant was subject to a disciplinary proceeding as a result of the November 30, 2012 incident report, and his placement is not a classification issue, Respondent is directed pursuant to *Redmon v. Wiley*, — F. Supp.2d —, 2008 WL 1970932 (D. Colo. 2008), and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies. If Respondent does not intend to raise this affirmative defense, Respondent must notify the Court of that decision in the Preliminary Response. Respondent may not file a dispositive motion as a Preliminary Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Preliminary Response, Respondent should attach as exhibits copies of any administrative grievances Applicant has filed raising the issues asserted in

the Application, as well as any responses to those grievances.  Applicant may reply to the Preliminary Response and provide any information that might be relevant to his efforts to exhaust administrative remedies.  Accordingly, it is

ORDERED that **within twenty days from the date of this Order** Respondent shall file a Preliminary Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty days of the filing of the Preliminary Response** Applicant may file a Reply, if he desires.  It is

FURTHER ORDERED that if Respondent does not intend to raise the affirmative defense of exhaustion of administrative remedies, Respondent must notify the Court of that decision in the Preliminary Response.

DATED February 5, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge