IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00295-BNB

MIKEALGLENN STINE,

    Applicant,

v.

MR. D. BERKEBILE, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Mikeal Glenn Stine, is in the custody of the United States Bureau of Prisons (BOP) and currently incarcerated at ADX Florence. Mr. Stine, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Applicant was granted leave to proceed pursuant to § 1915.

On February 5, 2013, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On February 22, 2013, Respondent filed a Preliminary Response and argued that this action should be dismissed for failure to exhaust administrative remedies. On March 6, 2013, Applicant filed an Amended Application, a "Motion Requesting the Below Out of Time Frames Objections to Magistrates [sic] Order Dated Feb. 5th 2013 be Allowed," and a Reply to Respondent's Preliminary Response.

The Court must construe Applicant's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). A § 2241 petition may challenge the deprivation of good-time credits and other prison disciplinary matters where the challenged action affects duration of the inmate's sentence. *Id.* at 811-12.

Although the Court referred to only one incident report in the February 5, 2013 Order directing Respondent to file a Preliminary Response, based on Respondent's Preliminary Response and Applicant's Reply, the Court finds more than one disciplinary action is at issue. Nonetheless, Applicant concedes and Respondent clearly demonstrates, *see* Prelim. Resp., Turner Aff., Attach. 1 at 23, that all disciplinary actions are awaiting a hearing. Furthermore, nothing Applicant challenges in either the original Application or the Amended Application affects the duration of his confinement. The Court finds, as stated in the February 5 Order, Applicant's claims challenge the conditions of his confinement, which currently involve his placement in administrative detention pending a disciplinary hearing for Applicant's multiple threats of bodily harm to prison staff.

Applicant is subject to filing restrictions under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, Doc. No. 344 at 30-32 (D. Colo. Sept. 1, 2009). The

restrictions require Applicant to seek permission from the Court to proceed with a civil complaint and to submit certain documentation along with a proposed complaint. By asserting the conditions of confinement claims in this action, Applicant is attempting to circumvent his filing restrictions. The Court will consider monetary sanctions against Applicant if he initiates any subsequent § 2241 actions in this Court that are attempts to circumvent his filing restrictions.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, including ECF Nos. 1 and 17, are DENIED, and this case is DISMISSED with prejudice. It is

FURTHER ORDERED that all pending motions are denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

Dated this  18th  day of    March         , 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court